UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 3:21-CR-08 |
| v. ) | |
| ) | JUDGE VARLAN |
| WILLIAM BRIAN CAIN ) | |

## PLEA AGREEMENT

The United States of America, by the Acting United States Attorney for the Eastern District of Tennessee, and the defendant, WILLIAM BRIAN CAIN, and the defendant's attorney, Donald A. Bosch, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), have agreed upon the following:

1. The defendant will plead guilty to count two of the indictment charging the defendant with Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2).

The punishment for this offense is a term of imprisonment of not less than five (5) years and not more than twenty (20) years, a maximum of $250,000.00 fine, a mandatory five (5) years up to life on supervised release, forfeiture, restitution in the amount of $3,000.00 minimum per victim, a $35,000.00 assessment and $5,100.00 in special assessment fees.

2. In consideration of the defendant's guilty plea, the United States agrees to move the Court at the time of sentencing to dismiss the remaining counts against the defendant in this indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crimes charged. Specifically, the elements of the offenses are as follows:

**Distribution of child pornography - 18 U.S.C. § 2252A(a)(2)**

a) The defendant knowingly distributed;

b) any material that contains an image of child pornography, as defined in 18 U.S.C. § 2256(8);

c) that had been shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

On May 29, 2020, Homeland Security Investigations/Internet Crimes Against Children HSI/ICAC Knoxville began an online undercover investigation on the BitTorrent P2P file sharing network to locate people illegally sharing child pornography (CP). On that day, an undercover officer (UC) located a computer in Tennessee using the IP address 67.187.116.239 associated with possessing files of child pornography (CP).

Through American Registry for Internet Numbers, IP address 67.187.116.239 was determined to be registered with Comcast Communications LLC (Comcast). A subpoena was sent to Comcast for subscriber information which came back to the defendant and his home residence at 9212 Wells Station Road in Knoxville in the Eastern District of Tennessee. Law enforcement confirmed the defendant did in fact live in the home.

On the first day of the undercover investigation, the UC received from IP address 67.187.116.239, belonging to the defendant, a file 8 minutes in length depicting multiple minors being sexually abused. During the entire undercover investigation between March 3, 2020, and October 31, 2020, the defendant knowingly distributed 239 images and 116 videos of CP, as defined in 18 U.S.C. § 2256(8), which affected interstate commerce, to the UC using the IP address 67.187.116.239.

2

On November 5, 2020, a federal search warrant (SW) was obtained for the defendant's home in the Eastern District of Tennessee. The SW was executed the next day. Upon entering the home, the defendant had CP, as defined in 18 U.S.C. § 2256(8), which affected interstate commerce, on his Dell Inspiron laptop screen. Defendant's BitTorrent program was actively running and in the process of receiving CP.

The Dell Inspiron laptop was seized and a forensic examination was performed. Multiple software programs were installed on the laptop to search for, locate, receive and distribute files of CP, including: Bitcomet, qBittorrent, uTorrent and eMule. Bitcomet was the primary application that the defendant had used. From February 2, 2020 through August 8, 2020, within the Eastern District of Tennessee, the defendant knowingly received CP, as defined in 18 U.S.C. § 2256(8), which affected interstate commerce, from the BitcometDownloads.xml log file totaling seven hundred (700) images and two hundred and forty-one (241) videos of CP and the defendant knew that these images and videos contained CP.

On December 23, 2020, defendant executed a surety bond in the amount of $180,000.00 using his residence at 9212 Wells Station Road, Knoxville, Tennessee 37931, and his parent's home at 151 Berry Drive, Madisonville, Tennessee 37354, as collateral in the Eastern District of Tennessee. Defendant was placed on home confinement pending trial with an ankle monitor with special conditions.

On August 15, 2021, the neighbors of the defendant observed the defendant and his father loading the father's truck with the defendant's possessions. On August 16, 2021, federal probation was notified that the ankle monitor that the defendant had been wearing as part of his home confinement indicated that the defendant had tampered with the ankle monitor. Probation went to the defendant's home but could not locate the defendant and obtained an arrest warrant for the defendant.

The United States Marshals (Marshals) went to the home of the defendant's parents to locate the defendant. The defendant's parents reluctantly gave consent to search the home after telling the Marshals they were unaware of the defendant's whereabouts. Marshals located the defendant hiding in his parents' basement, crouched inside a large box.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

    a) the right to plead not guilty;

    b) the right to a speedy and public trial by jury;

    c) the right to assistance of counsel at trial;

    d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

    e) the right to confront and cross-examine witnesses against the defendant;

    f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

    g) the right not to testify and to have that choice not used against the defendant.

6. Pursuant to Rule 11(c)(1)(C), the defendant and the United States agree that a sentence of no more than at 210 months imprisonment, followed by a term of supervised release determined by the Court, is the appropriate disposition of this case. Additionally, the Court may impose any lawful fine(s) and any special assessment fees as required by law, and order forfeiture as applicable and restitution as appropriate. In the event the Court declines to accept this agreement, either party will be free to withdraw from the plea agreement.

7. The United States takes the position that the defendant should not receive any reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the

4

Sentencing Guidelines. Further, the United States will decline to move the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines.

8. Unless otherwise limited by an agreed preliminary order of forfeiture, the defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, which are in the possession or control of the defendant or the defendant's nominees that were used and intended to be used in any manner or part to commit or to promote the commission of a violation of 18 U.S.C. §§ 2252A(a)(2) and/or 2252A(a)(5)(B) and/or any and all assets and property, or portions thereof, constituting or traceable to gross profits or other proceeds obtained from the offenses. The defendant agrees to forfeit the defendant's interest in the following property:

    i. Silver Dell Inspiron 5000 laptop/WD I TB drive, Case Number: 20-0529-700-062;

    ii. Black with red case, Galaxy Note 20 Ultra 5G cellular phone;

    iii. Black with clear case, Verizon Galaxy 7 cellular phone;

    iv. Silver iPhone S cellular phone;

    v. Black and gray Cool Pad cellular phone;

    vi. Silver iPhone with broken screen;

    vii. Gateway Laptop, S/N: LVWCX0B006015428DE1601;

    viii. Video camera case with several cassette cases;

    ix. CAT notebook;

    x. Four 2 GB thumb drives;

    xi. Gray Compaq Armanda 4131T laptop;

    xii. Toshiba HDD, S/N: 234FP2SIT;

    xiii. Two 4 GB thumb drives;

xiv. Two 32 GB Micro SD cards;

xv. Four 8 GB Micro SD cards;

xvi. Three 16 GB Micro SD cards;

xvii. Micro SD card reader;

xviii. Two 8 GB thumb drives;

xix. "LPL Financial" thumb drive;

xx. Two 8 GB SDHC;

xxi. Two 256 GB Micro SD cards;

xxii. Two Micro SD card readers;

xxiii. PNY 16 GB thumb drive;

xxiv. 4 GB SDHC Card;

xxv. Hitachi 250 GB hard drive, S/N: 090917FB2F00YLJIZUUA;

xxvi. Hitachi 160 GB hard drive, S/N: ECGAH5MH;

xxvii. Dell Inspiron 15, S/N: JYCY732;

xxviii. Dell Inspiron, S/N: D1MNDP2;

xxix. 16 GB hard drive;

xxx. Internal Seagate 1000 GB hard drive;

xxxi. Toshiba 250 GB hard drive, S/N: 12MTTDUVT;

xxxii. Internal Seagate hard drive from Tower, S/N: 6RAC2Y8N;

xxxiii. 16 GB SDHC; and

xxxiv. Seagate mobile 1 TB HDD, S/N: ZDE9T75X.

REAL PROPERTY:

<u>Real property located at 9212 Wells Station Road, Knoxville, Tennessee 37931</u>

Situated in District No. Six (6) of Knox County, Tennessee, without the corporate limits of the city of Knoxville, Tennessee, and being known and designated as Lot

6

36, Nicholas Landing, as shown on the plat of the same of record in plat cabinet O, slide 95-A, in the Register's Office for Knox County, Tennessee, to which plat specific reference is hereby made for a more particular description.

Being the same property conveyed to Mark R. Haste, by Warranty Deed from Robinette Partnership, LLC, dated August 15, 1997 and recorded August 18, 1997 in Book 2259, Page 1126, in the Register's Office for Knox County, Tennessee.

For further reference see Warranty Deed recorded on June 19, 2003 in the Register's Office for Knox County, Tennessee as Instrument Number 200306190117857, conveying the property to Brian Cain.

Tax Parcel Identification # 06-104DC-036.

The defendant agrees that, to the extent that any of the properties listed in the foregoing paragraph (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with, a third party; (c) have been placed beyond the jurisdiction of the court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the defendant agrees to forfeit substitute assets up to the value of the forfeitable properties described above. The defendant agrees to forfeiture of the following:

A money judgment in the amount of $180,000 representing the value of the real property located at 9212 Wells Station Road, Knoxville, Tennessee 37931 that facilitated the defendant's crimes.

The defendant further agrees to assist the United States fully in the identification, recovery, and return to the United States of any other assets or portions thereof subject to forfeiture. The defendant further agrees to make a full and complete disclosure of all assets over which the defendant exercises control and those which are held or controlled by a nominee. The defendant agrees to forfeit all interests in the properties as described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and the signing of any other documents necessary to effectuate such transfers. The defendant agrees not to object to any civil or

7

criminal forfeiture brought against these properties. The defendant agrees to take all such steps to locate such property and to pass title to the United States before the defendant's sentencing.

In the event a money judgment forfeiture is ordered, the defendant agrees to send all money judgment payments to the United States Department of Homeland Security. Defendant also agrees that the full money judgment amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody, the defendant agrees that the Bureau of Prisons will have the authority to establish payment schedules to ensure payment of the money judgment. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of the money judgment without notifying defendant's counsel and outside the presence of the defendant's counsel.

9. The defendant agrees that the Court shall order restitution, pursuant to any applicable provision of law, for any loss caused to: (1) the victim of any offense charged in this case; and (2) the victims of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's *charged* offenses.

10. Financial Obligations. The defendant agrees to pay all fines, assessments, and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine, assessments, and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial

obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's Office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

11. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's convictions or sentence with one exception: The defendant retains the right to appeal a sentence imposed above

the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

      b)     The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

      c)     The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

    12.     The defendant acknowledges that the defendant has been advised and understands that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: (1) where the defendant resides; (2) where the defendant is employed; and (3) where the defendant is a student. The defendant understands that the requirements for registration include providing: (1) the defendant's name; (2) residence address; and (3) the names and addresses of any places where the defendant is, or will be, an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations will subject the

10

Case 3:21-cr-00008-TAV-JEM   Document 46   Filed 12/03/21   Page 10 of 12   PageID #: 383

defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by imprisonment, a fine, or both.

13. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty pleas as agreed herein, moving to withdraw guilty pleas after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty pleas in this case.

14. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

15. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charges, and there are no other agreements, promises, undertakings, or understandings between the

defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

FRANCIS M HAMILTON III
ACTING UNITED STATES ATTORNEY

12/3/21
Date

By: *(signature)*
Jennifer Kolman
Assistant United States Attorney

11/24/21
Date

*(signature)*
William Brian Cain
Defendant

3 Dec 21
Date

*(signature)*
Donald A. Bosch
Attorney for the Defendant