UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) No. 3:21-CR-08 <br> ) Judges Varlan / Guyton |
| v. | ) |
| WILLIAM BRIAN CAIN, | ) |
| Defendant. | ) |

## AGREED PRELIMINARY ORDER OF FORFEITURE

On February 9, 2021, an Indictment [Doc. 18] was filed charging the Defendant, William Brian Cain, with distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) (Count Two), in addition to other charges.

In the forfeiture allegations of the Indictment, the United States sought forfeiture of the interest of the Defendant, in any visual depiction containing child pornography; in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offenses; and any property used or intended to be used to commit or promote the commission of the offenses, including but not limited to, the properties as set forth in the Indictment, pursuant to 18 U.S.C. § 2253.

A Plea Agreement [Doc. 46] was filed on December 3, 2021. On January 13, 2022, the Defendant pled guilty to Count Two as charged in the Indictment and agreed to facts sufficient to support the plea, and forfeiture of properties as listed in the Plea Agreement. By virtue of the Defendant's guilty plea, this Court has determined the properties listed below are subject to forfeiture pursuant to 18 U.S.C. § 2253. Further, the United States has established the requisite

nexus between the properties listed below and the violation charged in Count Two of the Indictment, to which the Defendant pled guilty.

The Defendant agrees that, to the extent that any of the properties listed below (a) cannot be located upon the exercise of due diligence; (b) have been transferred or sold to, or deposited with, a third party; (c) have been placed beyond the jurisdiction of the court; (d) have been substantially diminished in value; or (e) have been commingled with other property which cannot be divided without difficulty, the Defendant agrees to forfeit substitute assets up to the value of the forfeitable properties described below. The Defendant agrees to forfeiture of the following:

> A money judgment in the amount of $180,000 representing the value of the real property located at 9212 Wells Station Road, Knoxville, Tennessee 37931 that facilitated the Defendant's crimes. [1]

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. Based on the guilty plea of the Defendant for the violation of 18 U.S.C. § 2252A(a)(2), as set forth in the Indictment, and pursuant to the Plea Agreement and Federal Rule of Criminal Procedure 32.2(b)(2)(A), all of the Defendant's right, title and interest in the following properties are hereby forfeited to the United States pursuant to 18 U.S.C. § 2253. The properties to be forfeited include, but are not limited to, the following:

   i. Silver Dell Inspiron 5000 laptop/WD I TB drive, Case Number: 20-0529-700-062;

   ii. Black with red case, Galaxy Note 20 Ultra 5G cellular phone, SN: R5CN70XLVRB;

   iii. Black with clear case, Verizon Galaxy 7 cellular phone;

---

[1] The money judgment as set forth in the Plea Agreement will be addressed in a separate Motion and Order of Forfeiture prior to sentencing in the above- captioned matter.

2

iv.     Silver iPhone S cellular phone;

v.      Black and gray Cool Pad cellular phone;

vi.     Silver iPhone with broken screen;

vii.    Gateway Laptop, S/N: LVWCX0B006015428DE1601;

viii.   Video camera case with several cassette cases;

ix.     CAT notebook;

x.      Four 2 GB thumb drives;

xi.     Gray Compaq Armanda 4131T laptop;

xii.    Toshiba HDD, S/N: 234FP2SIT;

xiii.   Two 4 GB thumb drives;

xiv.    Two 32 GB Micro SD cards;

xv.     Four 8 GB Micro SD cards;

xvi.    Three 16 GB Micro SD cards;

xvii.   Micro SD card reader;

xviii.  Two 8 GB thumb drives;

xix.    "LPL Financial" thumb drive;

xx.     Two 8 GB SDHC;

xxi.    Two 256 GB Micro SD cards;

xxii.   Two Micro SD card readers;

xxiii.  PNY 16 GB thumb drive;

xxiv.   4 GB SDHC Card;

xxv.    Hitachi 250 GB hard drive, S/N: 090917FB2F00YLJIZUUA;

xxvi.   Hitachi 160 GB hard drive, S/N: ECGAH5MH;

3

Case 3:21-cr-00008-TAV-JEM   Document 50   Filed 01/14/22   Page 3 of 6   PageID #: 397

xxvii.  Dell Inspiron 15, S/N: JYCY732;

xxviii. Dell Inspiron, S/N: D1MNDP2;

xxix.   16 GB hard drive;

xxx.    Internal Seagate 1000 GB hard drive;

xxxi.   Toshiba 250 GB hard drive, S/N: 12MTTDUVT;

xxxii.  Internal Seagate hard drive from Tower, S/N: 6RAC2Y8N;

xxxiii. 16 GB SDHC; and

xxxiv.  Seagate mobile 1 TB HDD, S/N: ZDE9T75X.

**REAL PROPERTY:**

Real property located at 9212 Wells Station Road, Knoxville, Tennessee 37931

Situated in District No. Six (6) of Knox County, Tennessee, without the corporate limits of the city of Knoxville, Tennessee, and being known and designated as Lot 36, Nicholas Landing, as shown on the plat of the same of record in plat cabinet O, slide 95-A, in the Register's Office for Knox County, Tennessee, to which plat specific reference is hereby made for a more particular description.

Being the same property conveyed to Mark R. Haste, by Warranty Deed from Robinette Partnership, LLC, dated August 15, 1997 and recorded August 18, 1997 in Book 2259, Page 1126, in the Register's Office for Knox County, Tennessee.

For further reference see Warranty Deed recorded on June 19, 2003 in the Register's Office for Knox County, Tennessee as Instrument Number 200306190117857, conveying the property to Brian Cain.

Tax Parcel Identification # 06-104DC-036.

2. The forfeited properties are to be held by the United States Department of Homeland Security, or its designated representative, until the investigation is complete.

3. Pursuant to Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall give notice of its intent to dispose of the properties in such a manner as the United States Attorney General may direct. The Notice

4

shall provide that any person other than the Defendant, having or claiming a legal interest in the above-listed properties must file a petition with the Court within sixty (60) days from the first day of publication of the Notice on the official Government website, which is www.forfeiture.gov.

4. The Notice shall also state that the petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, and interest in the properties, the time and circumstances of the petitioner's acquisition of the right, title, and interest in the properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written Notice to any person, as a substitute for published Notice as to those persons so notified. *See* 21 U.S.C. § 853(n).

5. Upon adjudication of all other or third-party interests in the properties, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. § 2253 and 21 U.S.C. § 853 in which all interests will be addressed.

[INTENTIONALLY LEFT BLANK]

6. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

ENTER:

*Thomas A. Varlan*

THOMAS A. VARLAN
United States District Judge

Submitted by:

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

By: _____
JENNIFER KOLMAN
Assistant United States Attorney
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 545-4167
jennifer.kolman@usdoj.gov
GA Bar No. 427930

_____
WILLIAM BRIAN CAIN
Defendant

_____
DONALD A. BOSCH
Attorney for Defendant
712 South Gay Street
Knoxville, Tennessee 37902
(865) 637-2142
dbosch@boschlawfirm.com
BPR No. 013168

6